**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

CRIMINAL CASE NO. 07-20165
HON. LAWRENCE P. ZATKOFF

v.

JULIO GARCIA-ROBLES,

        Defendant.
_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 19, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On June 12, 2007, Defendant pled guilty to Count One of the Indictment, Unlawful Reentry after Deportation after an Aggravated Felony. Today, the Court held a hearing for purposes of sentencing Defendant. After taking into consideration (1) the Government's sentencing memorandum, (2) the statements of the Defendant, defense counsel (including his request for a variance) and government counsel, and (3) the information contained in the Presentence Investigation Report ("PSR") for the Defendant, for the reasons set forth below, the Court sentences Defendant to 96 months imprisonment, 3 years of supervised release and a $100.00 special assessment. All fines and costs of confinement are hereby waived. The Court also recommends that the Bureau of Immigration and Customs Enforcement ("ICE") initiate proceedings to deport Defendant upon completion of his prison sentence.

## II. OBJECTIONS TO THE PSR

Neither the Government nor the Defendant articulated any objections to the July 10, 2007, PSR prepared for this Defendant.

## III. SENTENCING GUIDELINES

The PSR assigned Defendant a total offense level of 17 and a criminal history category of III, resulting in a guideline range of 30 to 37 months. The Court and the parties agree that 30-37 months is the applicable guideline range in this case.

## IV. SENTENCING FACTORS

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court will now analyze the relevant factors as they relate to this Defendant.

**1.     The Nature and Circumstances of the Offense**

Defendant, a 33 year old alien previously deported after the commission of an aggravated felony, was pulled over by the police because he was driving a vehicle with expired license plate tabs. Defendant admitted to the officers that he was illegally residing in the United States. Defendant claims he most recently illegally re-entered the United States in October 2006. During that re-entry, he suffered an injury and was abandoned by his guide. He subsequently was discovered by another group illegally crossing into the United States, and he illegally entered the United States with them.

## 2. The History and Characteristics of the Defendant

In October 1997,[1] at age 23, Defendant was convicted in Salt Lake City, Utah, of (a) Attempted Possession with Intent to Distribute a Controlled Substance (cocaine), and (b) False Personal Information to a Police Officer. Defendant pled guilty to both of the charges. He was given a five-year suspended sentence on the Possession of Controlled Substance charge and 30 days in jail and 36 months probation on the False Personal Information charge. He was released to Immigration and Naturalization Service (now ICE) in November 1997 and (presumably) deported shortly thereafter.

In 1999, at the age of 24, Defendant was stopped in Provo, Utah for not having a front license plate. He was charged with (a) Possession of a Dangerous Weapon when a rifle and two other guns were found in the car (he also had a magazine for the rifle in his pocket), and (b) Driving Under the Influence of Alcohol. Defendant again pled guilty and was sentenced to 90 days in jail, with 60 days suspended. As a result of the traffic stop, Defendant also was charged in federal court with Re-entry of a Deported Alien. When questioned by ICE agents after his arrest on the state charges, he admitted that he illegally reentered the United States. Defendant pled guilty to that charge and was sentenced to 46 months custody, to be followed by 36 months of supervision. After serving his custodial sentence, Defendant was deported to Mexico on September 18, 2002.

In addition to the formal charges and convictions noted above, Defendant also has used nine aliases, two dates of birth other than his actual birth date and a social security number which was

---

[1] Defendant also was arrested in Murray City, Utah for Possession with Intent to Distribute a Controlled Substance (unknown) on April 4, 1997, which charge was later dismissed.

not assigned to him. Defendant also has fathered four children out of wedlock in the United States and there is no indication that he provides any support for these children.

**3.     The Seriousness of the Offense**

The Court considers the instant offense, while not necessarily a dangerous one in itself, to be very serious because it is (at least) the third time that Defendant has entered the United States illegally. It is the second time he has elected to do so after being incarcerated in the United States and being deported upon the completion of his incarceration.

The Court also notes that Defendant's criminal conduct has not been limited to illegally crossing the border. He has been arrested with three dangerous weapons. He twice was charged with possession of illegal narcotics (although one charge was later dropped). In addition, he was arrested for drunk driving and has admitted consuming as much as a 24-pack of beer daily. The Court therefore finds that Defendant is a person who consistently has lived his life such that the lives and safety of citizens have been endangered and jeopardized across this country. As such, the Court believes that with each illegal re-entry into the United States by this Defendant (and, as discussed below, the most recent re-entry is not likely to be the last attempt by Defendant), there are likely to be serious and dangerous consequences for the United States, its government and its citizens.

**4.     Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct**

As discussed above, Defendant has an extensive criminal history, and his prior sentences have failed to promote in him any respect for the law or deter him from engaging in criminal conduct, specifically the repeated illegal entry into the United States. The Court also notes the multiple aliases and dates of birth used by Defendant, as well as the false social security number and the lack of evidence that he has financially supported the children fathered out of wedlock, as

4

evidence of Defendant's lack of respect for, and adherence to, the laws of the United States. The Court therefore concludes that a sentence in excess of the upper end of the guideline range is necessary to promote in Defendant a respect for the law and adequately deter Defendant from illegally re-entering the United States yet again.

Defendant's history particularly persuades the Court that a sentence in excess of the advisory guideline range is necessary for this Defendant, if in fact any sentence will accomplish the goal of promoting respect for the law and deterrence from future crimes. When he pled guilty to the same crime in 1999, he received 46 months imprisonment, which is 9 months greater than the maximum of the advisory guideline range at this time. If a 46 month sentence did not deter the Defendant from illegally re-entering the United States, the Court cannot fathom how a sentence of 30-37 months imprisonment will be more effective. Accordingly, the Court believes that a sentence in excess of the advisory guideline range of 30-37 months (and in excess of the 46 months previously imposed for his last conviction for the same offense) is necessary to promote respect for the law and to afford Defendant adequate deterrence from engaging in the same behavior in the future.

**5.      Protect the Public From Further Crimes of the Defendant**

Defendant has continually engaged in the same type of behavior, year after year and conviction after conviction. The Court believes Defendant is likely to attempt to illegally re-enter the United States once again upon the completion of this sentence and his (presumptive) deportation at the conclusion of such sentence. Thus, the Court concludes that the only way to delay Defendant from again illegally re-entering the United States is to incarcerate him for a lengthy period of time. In this case, a sentence in excess of the upper end of the guideline range is necessary to protect the public from further crimes of Defendant, namely illegal re-entry into the United States. Based on

Defendant's history, the Court believes that a sentence of 96 months is sufficient but not greater than necessary to accomplish the objectives of 18 U.S.C. §3553.

**6.      Need to Avoid Unwarranted Disparities**

Although a sentence in excess of the advisory guideline range normally may be viewed as disparate on its face, the history and circumstances of Defendant's conduct dictate the opposite conclusion. As Defendant illegally re-entered the United States after being sentenced to 46 months incarceration, a sentence of less than 46 months would actually result in the disparity that the guidelines are intended to prevent. For, if a defendant (like this one) who repeatedly engages in the same illegal conduct receives the same penalty as a defendant who has a far less egregious criminal history, there would be gross disparity in the fairness of their punishments. As such, although a sentence of 96 months is disparate from a sentence within the advisory guideline range, such disparity is warranted.

## V.  CONCLUSION

Defendant's advisory guideline range is 30 to 37 months. For the reasons set forth above, the Court finds that a sentence in excess of the high end of the range is necessary in this case. Thus, the Court sentences Defendant to 96 months in prison, 3 years of supervised release and a $100.00 special assessment. All fines and costs of confinement are hereby waived. The Court also recommends that ICE initiate proceedings to deport Defendant upon completion of his prison sentence.

IT IS SO ORDERED.


                                        s/Lawrence P. Zatkoff  
                                        LAWRENCE P. ZATKOFF  
                                        UNITED STATES DISTRICT JUDGE

Dated: September 19, 2007

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 19, 2007.


                                          s/Marie E. Verlinde  
                                          Case Manager  
                                          (810) 984-3290