**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                                    Case No. 07-20165

v.                                                      Hon. Lawrence P. Zatkoff

JULIO GARCIA-ROBLES,

    Defendant.

_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 17, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court for the purpose of resentencing Defendant.  The Court has reviewed Defendant's Amended Objections to Sentencing Opinion and Upward Variance [dkt 24]. The Court previously conducted a sentencing hearing, at which the Court permitted Defendant to allocute and defense counsel an opportunity to speak on behalf of Defendant.  After reviewing the transcript of that hearing and again considering Defendant's allocution and the comments of defense counsel and government counsel, as well as undertaking careful consideration of all relevant matters, including the advisory Sentencing Guidelines, all of Defendant's objections, and the sentencing factors enunciated at 18 U.S.C. § 3553(a), the Court sentences Defendant to 96 months imprisonment, 3 years of supervised release, and a $100.00 special assessment.

## II. BACKGROUND

On June 12, 2007, Defendant pleaded guilty, without the benefit of a Rule 11 plea agreement, to one count of violating 8 U.S.C. § 1326 - Unlawful Reentry After Deportation After an Aggravated Felony. Defendant's advisory Sentencing Guidelines range for this offense is 30-37 months. On September 18, 2007, the Court held a sentencing hearing at which Defendant was given the opportunity to allocute and defense counsel spoke on Defendant's behalf. After hearing the parties' representations and considering the sentencing factors, the Court determined that a sentence within the Guidelines range would be insufficient to accomplish the goals of sentencing. The Court varied upward from the Guidelines range and sentenced Defendant to 96 months imprisonment. The Court indicated that it would further elaborate on its reasoning for the variance in a written opinion, which it issued the following day. The parties were instructed to file objections to the sentence within 5 days of the sentencing hearing. Defendant timely filed objections on September 26, 2007. The Court reviewed Defendant's objections shortly thereafter and issued an order adhering to its 96 month sentence. Due to a clerical error, however, the order of judgment was entered prior to the receipt of the objections.[1] In addition, Defendant filed a Notice of Appeal before the Court addressed Defendant's objections.

Defendant appealed the Court's sentence on procedural and substantive grounds. The Sixth Circuit vacated Defendant's sentence as procedurally unreasonable and remanded the case for resentencing. *See United States v. Garcia-Robles*, 562 F.3d 763 (6th Cir. 2009). The Sixth Circuit

---

[1]In reviewing the docket of this case, the Court determined that the entry of judgment on September 21, 2007, was the result of a clerical error now being addressed internally by the Court.

held that Defendant was not given an opportunity to meaningfully address the Court's upward variance because judgment was entered before Defendant timely filed his objections to the upward variance announced by the Court at the September 18, 2007, hearing and in the September 19, 2007, Sentencing Opinion. The Sixth Circuit declined to address Defendant's argument that his sentence was substantively unreasonable.

Upon remand, this Court issued an order permitting the parties to again file objections to the Court's sentence [dkt 22]. Defendant timely filed objections [dkt 24], which are addressed in this Opinion.

### III. ANALYSIS

**A.     Sentencing Hearing**

In his objections, Defendant asks the Court to hold another hearing to announce his sentence. Defendant cited no authority in support of his request. Due to the circumstances involved in this case, as explained below, the Court concludes: (1) the purposes for having Defendant present (and being given an opportunity to speak) at sentencing have been accomplished, and (2) a second sentencing hearing is not warranted or required.

First, at the sentencing hearing on September 18, 2007, Defendant was present and he exercised his right to allocution. At that time, the Court heard and considered Defendant's allocution and the Court has reviewed the transcript of the sentencing hearing and once again considered Defendant's allocution upon remand. Second, defense counsel and the government attorney each had an opportunity to speak (and did speak) at the September 18, 2007, hearing. Third, Defendant has now had two opportunities to file objections to the sentence announced by the

Court at the September 18, 2007, hearing and explained in the September 19, 2007, Sentencing Opinion.  Defendant's first objections (filed shortly after the September 19, 2007, Sentencing Opinion was issued) were carefully considered and addressed by the Court, without realization that judgment had been entered prematurely as a result of clerical error.  Now, Defendant has been given a second, and unquestionably meaningful, opportunity to object to the 96 month sentence announced in open court and explained in detail in a written opinion.  Fourth, the Court is not aware of any authority which would bar the Court from issuing a written opinion setting forth the detailed reasoning for the sentence it announced at the September 18, 2007, hearing (including the fact that the Sixth Circuit panel reviewing the instant case did not determine that such an approach was procedurally unreasonable).  This resentence is for the purpose of ensuring that Defendant's objections to the sentence announced at the September 18, 2007, hearing and explained in the September 19, 2007, Sentencing Opinion are meaningfully addressed, and this Opinion accomplishes that purpose.

Fifth, Defendant's presence at a hearing would be nothing more than symbolic because he has no right, and he would not be given an opportunity, to be heard even if he were present. *United States v. Jeross*, 521 F.3d 562, 585 (6th Cir. 2008).  Sixth, Defendant has not presented any new evidence in mitigation to the Court, nor is the Court relying on any new material in resentencing Defendant. *United States v. Denne*, 23 F.3d 408, at *2 (6th Cir. 1994) (Table).  Seventh, the sentence to be imposed by the Court at this time is identical to the sentence announced on September 18, 2007; thus, the "new" sentence will be no more onerous than the original sentence. *Id.*  Eighth, bringing Defendant back to this Court from Beaumont, Texas, would necessitate an extraordinary amount of government time and expense, as well as create security risks and the need for additional

4

security measures, all relevant concerns in the absence of the right of Defendant to be present and allocute. Therefore, for the reasons set forth above, the Court concludes that the interests of justice do not necessitate or require that Defendant be brought back before the Court to hear the same sentence announced.

**B.      Defendant's Objections**

      **1.      Amendment of U.S.S.G. § 2L1.2**

Defendant principally argues that the Court erred in allocating so much weight to his previous 46 month sentence for a 1999 illegal reentry conviction. Defendant maintains that, since the Sentencing Commission thereafter amended § 2L1.2 in response to perceived sentencing disparities, it was improper for the Court to consider the length of his previous sentence under that Guideline. Defendant's objection is misplaced.

In formulating its sentence, the Court did not and does not rely on the 1999 Guidelines range. The Court simply notes that Defendant served 46 months in prison for violating § 1326 and *subsequently committed the very same offense*. In discussing Defendant's previous incarceration in the September 19, 2007, Sentencing Opinion, the Court was not commenting on the adequacy of the previous Guidelines range or the appropriateness of the amendment. Rather, the Court found that, in considering the current Guidelines range in conjunction with the § 3553 sentencing factors, a sentence within the calculated range of 30-37 months would not provide Defendant adequate deterrence, as a 46 month sentence had previously failed to do so. What the Court finds signficant is that Defendant was incarcerated for 46 months; whether that sentence was valid or defective is immaterial and not before the Court. *See United States v. Cordova-Saavedra*, 309 Fed. Appx. 895, 898 (5th Cir. 2009) ("The guideline calculations under the former version of U.S.S.G. § 2L1.2 that

5

led to [the defendant's] sentence of 70 months on his prior illegal reentry conviction are irrelevant."). Indeed, considering the deterrent effect—or lack thereof—of a previously-imposed sentence for illegal reentry when formulating a sentence for a new violation is not a novel concept. *See Cordova-Saavedra*, 309 Fed. Appx. at 898-99 (affirming variance from 30-37 month Guidelines range and 75-month sentence in part due to Defendant's previous 70 month sentence); *United States v. Higgins*, 301 Fed. Appx. 169, 174 (3d Cir. 2008) (affirming 74 month sentence as reasonable in part because "the [district court] recognized that . . . [the defendant] was not deterred by a previous 70 month jail term."); *United States v. Straw*, 275 Fed. Appx. 831, 834 (11th Cir. 2008) (affirming 50 month sentence in part because "[t]his is [the defendant's] third reentry offense, and his prior 46 month sentence did not deter the current offense."). Accordingly, the Court finds this objection to be without merit.

### 2. Evidence

Defendant also objects to what he considers the Court's reliance on improper evidence and mis-characterization of other evidence.

Defendant first contests the Court's description of Defendant's criminal history, noting that all of his previous convictions occurred within an 18 month period. As the hearing record and the Court's written opinion demonstrate, the Court was aware of the dates and offenses that constitute Defendant's criminal record.[2] Defendant also maintains that, "[c]ontrary to the Court's findings," he has never been charged with a violent act or convicted of a violent offense. The Court did not

---

[2] The Court will note that it does not consider any criminal history that includes three prior convictions to be "short," as described by Defendant. Further, the Court will not commend Defendant for remaining conviction-free during his 46 month prison stint. Nor does Defendant deserve accolades for waiting a brief period of time following his most recent deportation before violating § 1326 again.

construe Defendant's convictions as violent, but it did find that Defendant's actions have "endangered and jeopardized" the "lives and safety of citizens" and that Defendant's continued presence in this country will result in "serious and dangerous consequences" for the United States and its citizens. The Court adheres to these statements. If operating a vehicle while intoxicated - with weapons in the car - and selling illegal drugs do not endanger the public safety and health, the Court cannot comprehend what type of behavior would.[3] In fact, the Court notes that Defendant pleaded guilty to the charge of Possession of a Dangerous Weapon in 1999; the very title of that charge signifies that the activity involved dangerous behavior.

Defendant also objects to the Court's reliance on dismissed charges in formulating its sentence. The Court cannot fully discern the source of Defendant's objection, as the only possible references to other charges are the mention of traffic violations at the sentencing hearing and a footnote in the written opinion noting a dropped charge of possession with intent to distribute a controlled substance. Defendant is correct that prior arrests not resulting in convictions should not be considered by the sentencing court. *See United States v. Matheny*, 450 F.3d 633, 642 (6th Cir. 2006). Any mention of such evidence was incidental, and it did not form any part of the basis for Defendant's sentence. In this Opinion, the Court is not relying on arrests that did not result in convictions or any other information not contained in the Presentence Investigation Report.

Defendant also questions the Court's characterization of his past alcohol use and his familial commitment. The Presentence Investigation Report indicated that Defendant had regularly used

---

[3]For reference, statistics from the National Highway Traffic Safety Administration indicate that 12,998 fatalities resulted from impaired driving in 2007—or one every 40 minutes. *See* NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, TRAFFIC SAFETY FACTS: 2007 DATA 1 (2008), http://www-nrd.nhtsa.dot.gov/Pubs/810985.PDF.

drugs (marijuana and cocaine) in his early 20s, and that he consumed alcohol in quantities up to 24 beers per day. The Presentence Investigation Report stated that Defendant had last consumed alcohol in 2007. The Court restated this information in its September 19, 2007, Sentencing Opinion, but nothing in that Opinion suggested that Defendant has continued this level of consumption. Defendant further challenges the Court's statements that he does not provide support for his four out-of-wedlock children. Defendant, however, only suggests that he provides financial support "when he is able to do so." The Court cannot imagine this to be a regular occurrence as Defendant intermittently shifts between prison, Mexico, and this country, and Defendant has presented no evidence as to the frequency and/or amount of the financial support that he provides (not even a receipt, acknowledgment, or affidavit regarding a single payment).

Finally, Defendant avers that the Court put "undue emphasis" on Defendant's use of aliases, false dates of birth, and a false social security number because Defendant did not intend to harm anyone or attempt to obtain legal status via their use. Defendant's intent in using these methods of deception does not excuse the illegality of such actions. Further, Defendant's citations to *United States v. Rivera*, 516 F.3d 500 (6th Cir. 2008), and *Flores-Figueroa v. United States*, 556 U.S. ___, 129 S. Ct. 1886 (2009), are puzzling, as those cases discussed the proper Guidelines range and federal statutes within which similar conduct fell. They do not discuss the appropriateness of considering those actions at sentencing, and Defendant has not cited any authority indicating that such consideration would be improper. Defendant's argument regarding the common use of false documentation among illegal aliens likewise is unavailing, as commonality does not equate to legality.

**C.     Sentencing Guidelines and § 3553 Factors**

The overarching goal of 18 U.S.C. § 3553 instructs the Court to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. ___, 128 S. Ct. 558, 570 (2007) (internal quotation marks omitted). In determining an appropriate sentence, the Court must consider the factors in 18 U.S.C. § 3553(a), along with the advisory Sentencing Guidelines range. *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006).

**1.  Nature, Circumstances, and Seriousness of the Offenses**

Defendant pleaded guilty to violating 8 U.S.C. § 1326 when he unlawfully reentered this country after deportation following an aggravated felony. Defendant's illegal status was revealed to police officers who had instigated a traffic stop after noticing that Defendant's license plate tags had expired. This is at least the third time Defendant has illegally entered the United States and at least the second time that he has illegally reentered after being deported after an aggravated felony.

The offense, while not itself violent or dangerous, is a serious one. It is so serious, in fact, that Congress has provided that a violation may result in up to a 20 year term of imprisonment. The Court's sentence of 96 months, while not insubstantial, does not even approach half of the maximum statutory penalty for this offense.

**2.  History and Characteristics of Defendant**

Defendant is a Mexican national who has three previous criminal convictions. In 1997, Defendant pleaded guilty to Attempted Possession with Intent to Distribute Cocaine, 3rd Degree, and False Personal Information to a Police Officer, for which he was sentenced to 30 days in jail. In 1999, Defendant pleaded guilty to Possession of a Dangerous Weapon and Driving Under the

Influence, for which he was sentenced to 90 days in jail, with 60 days suspended. In 1999, Defendant also pleaded guilty to a violation of § 1326 because he illegally entered the United States following deportation after an aggravated felony. Defendant was sentenced to a term of 46 months imprisonment for that offense. After serving his sentence, Defendant was deported to Mexico on September 18, 2002. Defendant again illegally re-entered the United States in October 2006, and he lived here illegally until the present arrest.

As mentioned above, Defendant has employed the use of several aliases, along with a false date of birth and a false social security number. Defendant has also fathered four children out-of-wedlock, and the level of financial support Defendant provides for such children, if any, has not been provided to the Court.

### 3. Promote Respect for the Law and Afford Adequate Deterrence

As previously discussed, Defendant's prior 46 month sentence had absolutely no deterrent effect on Defendant, as he again returned to the United States with full knowledge that his conduct was illegal. To reiterate: a 46 month sentence, regardless of the validity or propriety of the Sentencing Guidelines at that time, did *nothing* to deter Defendant. Defendant has otherwise shown a blatant disregard for the laws of this country during his illegal habitation here, as evidenced by his drug, weapon, and alcohol convictions. The Court finds that a sentence within the advisory Guidelines range of 30-37 months will not afford Defendant adequate deterrence and that a substantial upward variance is required in order to instill in Defendant some modicum of respect for this nation's laws and borders.

### 4. Protect Public from Further Crimes of Defendant

Despite Defendant's above objections to the characterization of his record, he has clearly

demonstrated that he lacks the ability to adhere to the laws of this country. The Court has no reason to believe that Defendant will refrain from committing further crimes against the public upon the completion of his sentence and following his (presumptive) deportation. Specifically, based on Defendant's history, the Court is convinced that Defendant will again attempt to illegally reenter the United States if he is indeed deported. As such, a substantial upward variance will afford the public a measure of protection from the commission of further crimes by this Defendant, if through no other means than an extended period of incarceration.

### 5. Need to Avoid Unwarranted Disparities

The key word in this factor is "unwarranted." It is undeniable that a 96 month sentence creates a disparity as compared to those sentenced within the Guidelines range for this crime. It is also undeniable, however, that the applicable Guidelines range is insufficient to achieve the goals of sentencing with respect to Defendant. Therefore, while sentencing disparities are generally to be avoided, the Court finds that any disparity in this matter is warranted, based on the above factors.

## IV.  CONCLUSION

The Court has carefully considered each sentencing factor listed at § 3553(a), the advisory Sentencing Guidelines range, and all other relevant evidence. For the above reasons, the Court has determined that a substantial variance from the Guidelines range is necessary to accomplish the goals of sentencing. The Court finds that a sentence of 96 months is reasonable and "sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough*, 128 S. Ct. at 570.

Accordingly, IT IS HEREBY ORDERED that Defendant be sentenced to a term of imprisonment of 96 months. Defendant is also sentenced to 3 years of supervised release and he

11

must pay a $100.00 special assessment. All fines and costs are hereby waived. The Court also recommends that United States Immigration and Customs Enforcement initiate proceedings to deport Defendant upon completion of his prison sentence.

    IT IS SO ORDERED.

                                        S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: July 17, 2009